09-0868-cv
Donoghue v. Local.Com Corporation

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of December, two thousand and nine.

Present: ROBERT D. SACK,
         BARRINGTON D. PARKER,
         RICHARD C. WESLEY,
                  *Circuit Judges.*

_____

DEBORAH DONOGHUE,

         *Plaintiff-Appellant,*

   - v. -                                    (09-0868-cv)

HEARST COMMUNICATIONS, INC.,

         *Defendant-Cross-Claimant-Appellee,*

LOCAL.Com CORPORATION,

         *Cross-Claim-Defendant.*\*

_____

---

\*   The Clerk of the Court is respectfully directed to amend the official caption in this action to conform to the caption in this summary order.

For Appellant:            DAVID LOPEZ, Law Office of David
                          Lopez, Esq., Southampton, New
                          York (Daniel Eugene Doherty, Law
                          Offices of Daniel E. Doherty,
                          Overland Park, Kansas, *on the
                          brief*).

For Appellee              ALAN MANSFIELD, Greenberg,
Hearst Communications,    Traurig, LLP, New York, New
Inc.:                     York.

For Local.Com             JONATHAN L. FRIED, Kramer Levin
Corporation:              Naftalis & Frankel LLP, New
                          York, New York.

Appeal from the United States District Court for the Southern District of New York (Sand, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 2, 2009 amended order of the United States District Court for the Southern District of New York is **AFFIRMED**.

Plaintiff filed this derivative action on behalf of Local.Com Corporation ("Local.Com") under section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b), seeking to require Hearst Communications, Inc. ("Hearst") to disgorge short-swing profits that Hearst allegedly earned as a result of a series of transactions that culminated on August 1, 2007. Hearst cross-claimed against Local.Com, pleading claims for breach of contract, breach of warranty, and unjust enrichment.

2

The United States District Court for the Southern District of New York (Sand, *J.*) granted summary judgment in favor of Hearst and subsequently dismissed Hearst's cross-claims as moot.  Plaintiff appeals.  We presume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a grant of summary judgment. *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 274 (2d Cir. 2009).  "Congress enacted § 16(b) '[f]or the purpose of preventing the unfair use of information' by corporate insiders trading securities issued by the company . . . in which they hold a significant ownership interest." *Bruh v. Bessemer Venture Partners III L.P.*, 464 F.3d 202, 205 (2d Cir. 2006) (quoting 15 U.S.C. § 78p(b)).  Section 16(b) only applies to individuals who are "presumed to have access to inside information." *Foremost-McKesson, Inc. v. Provident Sec. Co.*, 423 U.S. 232, 243 (1976).  More specifically, as relevant here, the statute prohibits short-swing transactions by "beneficial owner[s] of more than 10 percent of any class of [non-exempt] equity security" of the issuer in question.  15 U.S.C. § 78p(a)(1).

The material facts are not in dispute.  In February

3

2007, Hearst obtained a series of convertible notes and warrants from Local.Com. Pursuant to the agreement relating to the transaction, Local.Com was prohibited from issuing additional securities for ninety days. After that transaction, Hearst was the beneficial owner of more than 10% of Local.Com's securities. During July 2007, Hearst converted its notes and sold some of Local.Com's stock to the public. Following those sales, so long as Hearst retained an ownership interest in Local.Com of greater than 10%, it was prohibited from reaping short-swing profits relating to Local.Com's securities for at least six months. *See* 15 U.S.C. § 78p(b).

On July 31, 2007, Local.Com's Board of Directors approved a "Securities Purchase Agreement" (the "SPA") with a group of investors (the "private placement investors"), which governed a private placement of securities that Local.Com had decided to issue in order to raise additional capital. Local.Com also entered into a consent agreement with Hearst that would allow it to conduct the issuance. However, because of the number of shares involved in the private placement, the effect of the offering, once completed, would be to dilute Hearst's interest in Local.Com

4

below 10% and to take it outside the ambit of section 16(b).

Pursuant to the SPA, the private placement was to close on August 1, 2007.  As of 4:06 p.m. on that day, the private placement investors had wired the full value of the purchase price of the securities directly into a bank account controlled by Local.Com.[1]  At 4:32 p.m., Local.Com filed a Form 8-K relating to the private placement with the Securities and Exchange Commission.  The parties agree for purposes of this appeal that, pursuant to the consent agreement between Hearst and Local.Com, the filing of the Form 8-K triggered a deemed purchase by Hearst of Local.Com's securities.

The central issue is therefore whether the securities that Local.Com issued in the private placement diluted Hearst's ownership interest below section 16(b)'s 10% threshold prior to 4:32 p.m. on August 1, 2007.  The district court held that the privately placed shares were issued and outstanding as of 4:06 p.m., the time that Local.Com took control over the proceeds of the offering.

Plaintiff seeks to attribute error to that conclusion by arguing that the private placement shares were not

---

[1]  All times discussed herein are provided in Eastern Standard Time.

outstanding upon Local.Com's receipt of the payment because there were unsatisfied conditions precedent to the completion of the issuance. Specifically, plaintiff argues that the consummation of the offering was conditioned upon the filing of the Form 8-K and the delivery of the stock certificates to the private placement investors.[2]

Simply put, we find these contentions unavailing. First, plaintiff has not identified any authority, under New York or Delaware law, that persuades us that the stock certificates had to be delivered to the private placement investors before the shares from the offering could be considered "outstanding" for purposes of section 16(b). Indeed, there is ample authority suggesting that the contrary is true. *See, e.g.*, *Joseph E. Seagram & Sons, Inc. v. Conoco, Inc.*, 519 F. Supp. 506, 513 (D. Del. 1981); *U.S. Radiator Corp. v. New York*, 208 N.Y. 144, 149 (N.Y. 1913). Second, none of the provisions in the SPA upon which plaintiff relies created conditions precedent to Local.Com's performance under the agreement. Rather, section 7 of the SPA set forth a series of (waivable) preconditions to the

---

[2] As stated above, the Form 8-K was filed with the SEC at 4:32 p.m. The record is less clear as to the time by which the stock certificates were delivered to the private placement investors, but there is no dispute that the delivery was completed at some point after 4:32 p.m. on August 1, 2007.

6

onset of the private placement investors' payment obligations, which were included in the agreement for "each [private placement investor's] sole benefit."

In the absence of any legal or contractual limitation on Local.Com's obligation to issue the shares, the private placement investors obtained an ownership interest in those shares once Local.Com assumed control over the proceeds of the private placement. Plaintiff has not challenged the district court's reasoning that the private placement investors' resulting interest was sufficient to consider the shares to be outstanding at that time. Therefore, the district court did not err by holding that, as of 4:06 p.m. on August 1, 2007, Hearst's interest in Local.Com had been diluted below 10%, and that Hearst was not subject to section 16(b) at the time of its 4:32 p.m. "purchase."

We have considered plaintiff's remaining arguments and find them to be without merit. Accordingly, the February 2, 2009 amended order of the district court is hereby **AFFIRMED.**

For the Court
Catherine O'Hagan Wolfe, Clerk


By: _____

7